United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40272
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIS ANN ROGERS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-866-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Phyllis Ann Rogers appeals the concurrent 27-month sentences she received following a jury trial on two counts of transporting undocumented aliens in violation of 8 U.S.C. § 1324. The district court imposed a sentence enhancement under U.S.S.G. § 2L1.1(b)(5) on the basis that Rogers transported the four individuals in the rear cargo area of a minivan, covered in newspaper and a layer of wrought iron and ceramic goods. Rogers asserts that the enhancement was unwarranted because the aliens were not exposed to the elements, had adequate oxygen, were able

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to communicate with her, and easily could have extricated themselves in an emergency.  The Government asserts that, during an accident or other sharp maneuver, the aliens could have been injured or killed by flying wrought iron, trapped by the debris, or overlooked by emergency personnel.  The Government also notes that the men were sweating profusely when the covering newspaper was removed.

We review the district court's application of the Guidelines de novo and the court's factual findings for clear error.  United States v. Villanueva, 408 F.3d 193, 202, 203 n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).  With respect to the district court's factual findings, we find no error.  The court relied upon the Presentence Report (PSR) in determining that the enhancement was warranted.  The facts contained in the PSR are supported by the evidence in the record.  Border patrol agents testified during Rogers's trial that the men were lying side by side, surrounded by newspaper, and covered by "a bunch of" wrought iron and ceramic items that limited their movement.  The agents testified that the men were "sweating a lot" when the newspaper was removed.  In addition, the aliens testified by deposition that boxes were placed on top of them.

The enhancement under § 2L1.1(b)(5) is warranted where "the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person."  In United States v. Zuniga-Amezquita, 468 F.3d 886, 890

(5th Cir. 2006), we held that transporting aliens in the cargo area of a van with boxes and luggage piled high around them warranted the enhancement because the aliens' ability to exit the vehicle was impeded and the items could have struck them in an accident.  Id.  We listed several non-exclusive factors to consider in determining whether the enhancement is proper: (1) whether oxygen was available to the individuals being transported; (2) their exposure to extreme temperatures; (3) their ability to communicate with the driver; (4) their ability to exit the vehicle quickly; and (5) the danger to them if an accident were to occur.  Id. at 889.

The § 2L1.1(b)(5) enhancement was proper in this case.  The aliens were covered in stifling newspaper, and their movements were restricted by the heavy iron and ceramics, which could have become dangerous projectiles during an accident.  Moreover, the record shows that the rear door to the minivan was inoperable, making a quick exit more difficult.  See Zuniga-Amezquita, 468 F.3d at 890.

The judgment of the district court is AFFIRMED.